**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ENVIRONMENTAL PRODUCTS & SERVICES OF VERMONT, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILLER CHEMICAL & FERTILIZER OF PA, LLC, MILLER CHEMICAL & FERTILIZER CORPORATION, and MILLER CHEMICAL & FERTILIZER LLC <br><br> Defendants. | Civil Action No.: <br><br> 1:16-cv-00176-JEJ <br><br> Hon. John E. Jones III <br><br> **AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff Environmental Products & Services of Vermont, Inc. (hereinafter "EPSVT" or "Plaintiff"), by its undersigned attorneys, as its complaint against Defendants Miller Chemical & Fertilizer of PA, LLC, Miller Chemical & Fertilizer Corporation and Miller Chemical & Fertilizer, LLC, (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. EPSVT brings this action for breach of contract, unjust enrichment and promissory estoppel, against Defendant Miller Chemical & Fertilizer of PA, LLC ("Miller PA LLC"), Defendant Miller Chemical & Fertilizer Corporation ("Miller Corp.") and Defendant Miller Chemical & Fertilizer, LLC ("Miller LLC"), as a result of Defendants' failure to pay the agreed-upon fees for emergency response services EPSVT provided in connection with a chemical release at the facility located at 120 Radio Road in Hanover, Pennsylvania on June 8, 2015.

## PARTIES

2. Plaintiff EPSVT is a New York corporation, organized and existing under the laws of New York, that has its principal place of business located at 532 State Fair Boulevard, Syracuse, New York 13204.

3. Upon information and belief, Defendant Miller Chemical & Fertilizer of PA, LLC is a Delaware limited liability company with its principal place of business located at 120 Radio Road, Hanover, Pennsylvania 17331.

4. Upon information and belief, Defendant Miller Chemical & Fertilizer Corporation is a Pennsylvania corporation with its principal place of business located at 120 Radio Road, Hanover, Pennsylvania 17331.

5. Upon information and belief, Defendant Miller Chemical & Fertilizer, LLC is a Delaware limited liability company with its principal place of business located at 120 Radio Road, Hanover, Pennsylvania 17331.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS

8. On or about June 8, 2015, a fire resulting in a chemical release occurred at Defendant Miller PA LLC's facility located at 120 Radio Road, Hanover, Pennsylvania 17331.

9. In addition or in the alternative, on or about June 8, 2015, a fire resulting in a chemical release occurred at Defendant Miller Corp.'s facility located at 120 Radio Road, Hanover, Pennsylvania 17331.

10. In addition or in the alternative, on or about June 8, 2015, a fire resulting in a chemical release occurred at Defendant Miller LLC's facility located at 120 Radio Road, Hanover, Pennsylvania 17331.

11. On or about June 8, 2015, pursuant to the executed Work Quotation/Authorization (the "Agreement"), Miller PA LLC and EPSVT entered into a contract under which EPSVT agreed to "provide all requested and necessary labor, equipment, and materials for initial response as well as subsequent remediation, planning; excavation, loading, transportation and disposition of contaminated soils; liquid recovery and disposition; waste analysis and characterization; project management; traffic safety, including road/lane/shoulder closure to redirect the flow of traffic from the work area; required permitting" to Miller PA LLC, and Miller PA LLC agreed to pay pursuant to EPSVT's Special Time and Material Rates.

12. In addition or in the alternative, on or about June 8, 2015, pursuant to the executed Agreement, Miller Corp. and EPSVT entered into a contract under which EPSVT agreed to "provide all requested and necessary labor, equipment, and materials for initial response as well as subsequent remediation, planning; excavation, loading, transportation and disposition of contaminated soils; liquid recovery and disposition; waste analysis and characterization; project management; traffic safety, including road/lane/shoulder closure to redirect the flow of traffic from the work area; required permitting" to Miller Corp., and Miller Corp. agreed to pay pursuant to EPSVT's Special Time and Material Rates.

13. In addition or in the alternative, on or about June 8, 2015, pursuant to the executed Agreement, Miller LLC and EPSVT entered into a contract under which EPSVT agreed to "provide all requested and necessary labor, equipment, and materials for initial response as well as subsequent remediation, planning; excavation, loading, transportation and disposition of contaminated soils; liquid recovery and disposition; waste analysis and characterization; project management; traffic safety, including road/lane/shoulder closure to redirect the flow of traffic from the work area; required permitting" to Miller LLC, and Miller LLC agreed to pay pursuant to EPSVT's Special Time and Material Rates.

14. A copy of EPSVT's Special Time and Material Rates sheet is incorporated by reference in the Agreement and was sent to Defendant Miller PA LLC together with the Work Quotation/Authorization prior to its execution by Anthony Hartlaub, Miller PA LLC's Vice President of Finance, on behalf of Miller PA LLC.

15. In addition or in the alternative, a copy of EPSVT's Special Time and Material Rates sheet is incorporated by reference in the Agreement and was sent to Defendant Miller Corp. together with the Work Quotation/Authorization prior to its execution by Anthony Hartlaub, Miller Corp.'s Vice President of Finance, on behalf of Miller Corp.

16. In addition or in the alternative, a copy of EPSVT's Special Time and Material Rates sheet is incorporated by reference in the Agreement and was sent to Defendant Miller LLC together with the Work Quotation/Authorization prior to its execution by Anthony Hartlaub, Miller LLC's Vice President of Finance, on behalf of Miller LLC.

17. The General Terms incorporated in the Agreement provide in part as follows:

> Payment Terms – Terms should be cash, check or credit card in advance, or net 10 days after completion of a credit application and credit approval. Environmental Products & Services of Vermont, Inc. does not agree to "pay when get paid" clauses. Any discrepancies with invoices must be addressed in writing within 30 days from date of invoice or invoice will be considered acceptable as is and payment will be expected in full within the agreed payment terms. Finance charges of one and one-half percent (1.5%) per month will be due on payments past due after sixty days from date of invoice. . . .

The General Terms further state that "Time & Material rates are subject to change without notice."

18. The Agreement states that "Miller Chemical & Fertilizer, LLC" is the "potential responsible party (PRP)" and further provides that "Costs incurred not covered under the client's insurance policy will be the responsibility of the PRP."

19. EPSVT timely provided, and Miller PA LLC accepted, all requested and necessary labor, services, equipment and materials pursuant to the terms of the Agreement.

20. In addition or in the alternative, EPSVT timely provided, and Miller Corp. accepted, all requested and necessary labor, services, equipment and materials pursuant to the terms of the Agreement.

21. In addition or in the alternative, EPSVT timely provided, and Miller LLC accepted, all requested and necessary labor, services, equipment and materials pursuant to the terms of the Agreement.

22. Miller PA LLC has never timely objected to the quality of the labor and/or services performed, nor has Miller PA LLC objected to the equipment and materials used by EPSVT to fulfill EPSVT's obligations under the Agreement.

23. Miller Corp. has never timely objected to the quality of the labor and/or services performed, nor has Miller Corp. objected to the equipment and materials used by EPSVT to fulfill EPSVT's obligations under the Agreement.

24. Miller LLC has never timely objected to the quality of the labor and/or services performed, nor has Miller LLC objected to the equipment and materials used by EPSVT to fulfill EPSVT's obligations under the Agreement.

25. EPSVT issued invoices in the total amount of $10,566,940.18, pursuant to the terms of the Agreement, of which Miller PA LLC has failed to pay the amount of $6,945,950.58, including finance charges as of January 25, 2016.

26. EPSVT issued invoices in the total amount of $10,566,940.18, pursuant to the terms of the Agreement, of which Miller Corp. has failed to pay the amount of $6,945,950.58, including finance charges as of January 25, 2016.

27. EPSVT issued invoices in the total amount of $10,566,940.18, pursuant to the terms of the Agreement, of which Miller LLC has failed to pay the amount of $6,945,950.58, including finance charges as of January 25, 2016.

28. Miller PA LLC failed to object to any invoice within the thirty (30) day period stated in the General Terms of the Special Time and Material Rates for 2015.

29. Miller Corp. failed to object to any invoice within the thirty (30) day period stated in the General Terms of the Special Time and Material Rates for 2015.

30. Miller LLC failed to object to any invoice within the thirty (30) day period stated in the General Terms of the Special Time and Material Rates for 2015.

31. Miller PA LLC has since refused to pay the sum of $6,945,950.58, for services rendered by EPSVT at Miller PA LLC's request.

32. In addition or in the alternative, Miller Corp. has since refused to pay the sum of $6,945,950.58, for services rendered by EPSVT at Miller Corp.'s request.

33. In addition or in the alternative, Miller LLC has since refused to pay the sum of $6,945,950.58, for services rendered by EPSVT at Miller LLC's request.

## COUNT I
## BREACH OF CONTRACT

34. EPSVT repeats and re-alleges the allegations of paragraphs 1 through 33 as if fully set forth herein.

35. EPSVT has performed all of its obligations under the Agreement with Miller PA LLC.

36. In addition or in the alternative, EPSVT has performed all of its obligations under the Agreement with Miller Corp.

37. In addition or in the alternative, EPSVT has performed all of its obligations under the Agreement with Miller LLC.

38. Miller PA LLC has breached the Agreement by failing and refusing to pay EPSVT pursuant to the terms of the Agreement.

39. In addition or in the alternative, Miller Corp. has breached the Agreement by failing and refusing to pay EPSVT pursuant to the terms of the Agreement.

40. In addition or in the alternative, Miller LLC has breached the Agreement by failing and refusing to pay EPSVT pursuant to the terms of the Agreement.

41. EPSVT has suffered damages in the amount of $6,945,950.58 as a direct and proximate result of Miller PA LLC's breach of contract.

42. In addition or in the alternative, EPSVT has suffered damages in the amount of $6,945,950.58 as a direct and proximate result of Miller Corp.'s breach of contract.

43. In addition or in the alternative, EPSVT has suffered damages in the amount of $6,945,950.58 as a direct and proximate result of Miller LLC's breach of contract.

44. By reason of the foregoing, Defendant Miller PA LLC is liable to EPSVT in the amount of $6,945,950.58, together with interest.

45. In addition or in the alternative, Defendant Miller Corp. is liable to EPSVT in the amount of $6,945,950.58, together with interest.

46. In addition or in the alternative, Defendant Miller LLC is liable to EPSVT in the amount of $6,945,950.58, together with interest.

**COUNT II**
**QUANTUM MERUIT/UNJUST ENRICHMENT**

47. EPSVT repeats and re-alleges the allegations of paragraphs 1 through 46 as if fully set forth herein.

48. EPSVT provided valuable labor, services and materials to Miller PA LLC at Miller PA LLC's request.

49. In addition or in the alternative, EPSVT provided valuable labor, services and materials to Miller Corp. at Miller Corp.'s request.

50. In addition or in the alternative, EPSVT provided valuable labor, services and materials to Miller LLC at Miller LLC's request.

51. Miller PA LLC accepted the labor, services and materials EPSVT provided.

52. Miller Corp. accepted the labor, services and materials of EPSVT.

53. Miller LLC accepted the labor, services and materials of EPSVT.

54. Miller PA LLC was aware that EPSVT expected to be compensated for the provided labor, services and materials.

55. Miller Corp. was aware that EPSVT expected to be compensated for the provided labor, services and materials.

56. Miller LLC was aware that EPSVT expected to be compensated for the provided labor, services and materials.

57. Miller PA LLC has failed and refused to pay EPSVT for the labor, services and materials provided.

58. Miller Corp. has failed and refused to pay EPSVT for the labor, services and materials provided.

59. Miller LLC has failed and refused to pay EPSVT for the labor, services and materials provided.

60. Miller PA LLC has accepted and retained the benefit of EPSVT's labor, services and materials under circumstances that make it inequitable for it to do so without paying the value of said labor, services and materials.

61. Miller Corp. has accepted and retained the benefit of EPSVT's labor, services and materials under circumstances that make it inequitable for it to do so without paying the value of said labor, services and materials.

62. Miller LLC has accepted and retained the benefit of EPSVT's labor, services and materials under circumstances that make it inequitable for it to do so without paying the value of said labor, services and materials.

63. Miller PA LLC benefited from the labor, services and materials, and was thereby unjustly enriched.

64. Miller Corp. benefited from the labor, services and materials, and was thereby unjustly enriched.

65. Miller LLC benefited from the labor, services and materials, and was thereby unjustly enriched.

66. EPSVT has suffered damages and Miller PA LLC has been unjustly enriched as a result of Miller PA LLC's failure to pay EPSVT for labor, materials and services provided by EPSVT.

67. EPSVT has suffered damages and Miller Corp. has been unjustly enriched as a result of Miller Corp.'s failure to pay EPSVT for labor, materials and services provided by EPSVT.

68. EPSVT has suffered damages and Miller LLC has been unjustly enriched as a result of Miller LLC's failure to pay EPSVT for labor, materials and services provided by EPSVT.

69. By reason of the foregoing, Defendants are liable to EPSVT in the amount of $6,945,950.58, together with interest.

## COUNT III
## PROMISSORY ESTOPPEL

70. EPSVT repeats and re-alleges the allegations of paragraphs 1 through 69 as if fully set forth herein.

71. By executing the Agreement, Miller PA LLC made a promise that it should have reasonably expected to induce action or forbearance on the part of EPSVT.

72. In addition or in the alternative, by executing the Agreement, Miller Corp. made a promise that it should have reasonably expected to induce action or forbearance on the part of EPSVT.

73. In addition or in the alternative, by executing the Agreement, Miller LLC made a promise that it should have reasonably expected to induce action or forbearance on the part of EPSVT.

74. EPSVT relied on Miller PA LLC's promise by providing labor, services and materials.

75. In addition or in the alternative, EPSVT relied on Miller Corp.'s promise by providing labor, services and materials.

76. In addition or in the alternative, EPSVT relied on Miller LLC's promise by providing labor, services and materials.

77. EPSVT has suffered damages as a result of Miller PA LLC's failure to pay EPSVT for labor, materials and services provided by EPSVT.

78. EPSVT has suffered damages as a result of Miller Corp.'s failure to pay EPSVT for labor, materials and services provided by EPSVT.

79. EPSVT has suffered damages as a result of Miller LLC's failure to pay EPSVT for labor, materials and services provided by EPSVT.

80. Injustice can be avoided only by enforcing Miller PA LLC's promise to pay EPSVT.

81. In addition or in the alternative, injustice can be avoided only by enforcing Miller Corp.'s promise to pay EPSVT.

82. In addition or in the alternative, injustice can be avoided only by enforcing Miller LLC's promise to pay EPSVT.

## **PRAYER FOR RELIEF**

WHEREFORE, EPSVT demands judgment against Defendants as follows:

  A. Judgment against Defendants in the amount of $6,945,950.58, together with prejudgment interest, costs and any other amounts permitted under law;

  B. Costs and disbursements of suit incurred herein;

  C. Such other and further relief as the Court may deem equitable and proper.

## JURY DEMAND

EPSVT demands trial by jury.

Dated: February 12, 2016  McNEES WALLACE & NURICK LLC

  By: /s/ Kimberly A. Selemba
    Kimberly A. Selemba (ID No. 93535)
    Barbara A. Darkes (ID No. 77419)
    McNees Wallace & Nurick LLC
    100 Pine Street
    P.O. Box 1166
    Harrisburg, PA 17108-1166
    Tel: (717) 232-8000

*Local Counsel for* HANCOCK ESTABROOK, LLP

    Daniel B. Berman
    Whitney M. Kummerow
    100 Madison Street, Suite 1500
    Syracuse, New York 13202
    Tel: (315) 565-4500

*Attorneys for Plaintiff Environmental Products & Services of Vermont, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing document by first class mail, postage prepaid, upon the following:

> Miller Chemical & Fertilizer of PA, LLC
> 120 Radio Road
> Hanover, PA 17331
>
> Miller Chemical & Fertilizer Corporation
> 120 Radio Road
> Hanover, PA 17331

Dated: February 12, 2016         ___/s/ Kimberly A. Selemba___
                                             Kimberly A. Selemba